GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BRETT R. TOBIN                    9490-0
    btobin@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:   (808) 547-5880

Attorney for Defendants
LIVINGSOCIAL, INC. and GROUPON, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>LIVINGSOCIAL, INC., a Delaware Corporation; GROUPON, INC., a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO.  17-00438<br>(Copyright Infringement)<br><br>DEFENDANTS LIVINGSOCIAL, INC. AND GROUPON, INC.'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS [DKT 1] FILED ON AUGUST 31, 2017 AND AFFIRMATIVE DEFENSES; CERTIFICATE OF SERVICE |

**DEFENDANTS LIVINGSOCIAL, INC. AND GROUPON, INC.'S
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENTS
AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS [DKT 1]
FILED ON AUGUST 31, 2017AND AFFIRMATIVE DEFENSES**

Defendants LivingSocial, Inc. ("LivingSocial") and Groupon, Inc. ("Groupon") (collectively, "Defendants") by and through their undersigned counsel of record and for their Answer to the Complaint of Vincent Khoury Tylor ("Plaintiff") herein state as follows:

## PARTIES

1.      Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

**ANSWER:** Defendants do not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, deny same.

2.      Upon information and belief, Defendant LIVINGSOCIAL, INC. ("LivingSocial") is a for profit corporation, incorporated in the State of Delaware, and is registered to do business in the State of Hawaii with its principal place of business in Washington, District of Columbia.

**ANSWER:** Admitted.

3.      Upon information and belief, Defendant GROUPON, INC. ("Groupon") is a for profit corporation, incorporated in the State of Delaware, and is registered to do business in the State of Hawaii with its principal place of business in Chicago, Illinois.

**ANSWER:** Admitted.

4.      JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named

Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through, *inter alia*, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

**ANSWER:** Defendants do not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, deny same.

## JURISDICTION AND VENUE

5.     This is an action for preliminary and permanent injunctive relief and damages arising from LivingSocial's and Groupon's (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

**ANSWER:** To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendants admit that the Complaint purports to state causes of action for violations of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. Defendants deny that any such claim is meritorious with respect to Defendants.

6.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

**ANSWER:** Admitted.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

**ANSWER:** Admitted.

## FACTUAL ALLEGATIONS

8.      Upon information and belief, LivingSocial manages and controls a commercial website, at https://www.livingsocial.com, to advertise and promote offers or "deals" in the form of discounted products and services of its business partners to customers and to manage the purchase of and payments for the offers or "deals" featured on its website.

**ANSWER:** LivingSocial      admits      that      the      information      found      at

https://corporate.livingsocial.com/ourcompany/            accurately            describes

LivingSocial's  business.    Defendants  otherwise  deny  the  allegations  of  this

Paragraph.

9.      LivingSocial is doing business in the State of Hawaii through its commercial website and knowingly, systematically, and continuously transacts business and enters into contracts on an ongoing basis with and/or provides products or services to individuals or businesses in Hawaii and/or to individuals or businesses intending to travel to or conduct business in Hawaii, and transacts business or enters into contracts or business relationships with Hawaii businesses. LivingSocial continuously promotes local offers and deals of Hawaii-based products or services for its Hawaii-based business partners to customers in Hawaii.

**ANSWER:** LivingSocial admits that it does business in the State of Hawaii.

Defendants otherwise deny the allegations of this Paragraph.

10.      Upon information and belief, Groupon manages and controls a commercial website, at https://www.groupon.com, to advertise and promote offers or "deals" in the form of discounted products and services of its business partners

to customers and to manage the purchase of and payments for the offers or "deals" featured on its website.

**ANSWER:** Groupon admits that the information found at

https://www.groupon.com/press/about-groupon accurately describes Groupon's

business. Defendants otherwise deny the allegations of this Paragraph.

11.     Groupon is doing business in the State of Hawaii through its commercial website and knowingly, systematically, and continuously transacts business and enters into contracts on an ongoing basis with and/or provides products or services to individuals or businesses in Hawaii and/or to individuals or businesses intending to travel to or conduct business in Hawaii, and transacts business or enters into contracts or business relationships with Hawaii businesses. Groupon continuously promotes local offers and deals of Hawaii-based products or services for its Hawaii-based business partners to customers in Hawaii.

**ANSWER:** Groupon admits that it does business in the State of Hawaii.

Defendants otherwise deny the allegations of this Paragraph.

12.     Each photographic work in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work is duly registered with the United States Copyright Office.

**ANSWER:** Defendants do not have sufficient information to admit or deny the

allegations set forth in this Paragraph and, therefore, deny same.

13.     The two (2) photographic works, image nos.: "O-24 Makapuu" and "O-05 Chinamans Hat", in this case were created by Plaintiff, a professional photographer, who owns the copyrights to those works. The copyrights for those photographic works were registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011, in the name of Plaintiff, who has exclusive rights and privileges in those photographic works under the United States Copyright Act. A true and correct copy of the Certificate of Registration that relate to those photographic works is attached hereto as Exhibit "A."

**ANSWER:** Defendants do not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, deny same.

14.    None of the said photographic works was a "work for hire."

**ANSWER:** Defendants do not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, deny same.

15.    Substantial time and expense was incurred in creating the photographic works, and Plaintiff licenses those photographic works for commercial and other uses.

**ANSWER:** Defendants do not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, deny same.

16.    On July 29, 2013, Plaintiff filed a complaint against LivingSocial and others in the United States District Court for the District of Hawaii, entitled VINCENT KHOURY TYLOR v. LIVINGSOCIAL, INC. et al.; Civil No. 13-00377 SOM-BMK (the "2013 Complaint").

**ANSWER:** LivingSocial admits that on July 29, 2013, Plaintiff filed the 2013 Complaint.  Groupon is without sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies same.

17.    In the 2013 Complaint, Plaintiff sought preliminary and permanent injunctive relief and damages arising from, *inter alia*, LivingSocial's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 for its infringing use of Plaintiff's photographic work, image no. **"O-24 Makapuu"**, without authorization and absent Plaintiff's copyright management information on LivingSocial's commercial website.

**ANSWER:** To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to

be required, LivingSocial admits that the 2013 Complaint purported to state causes of action for violations of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. LivingSocial denies that any such claim was meritorious with respect to LivingSocial. LivingSocial otherwise denies the allegations of this Paragraph. Groupon is without sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies same.

18.    In 2013, LivingSocial entered into a Confidential Mutual Settlement and Release Agreement with Plaintiff to settle the claims in the 2013 Complaint, which was subsequently and voluntarily dismissed with prejudice by Plaintiff due to the settlement.

**ANSWER:** LivingSocial admits that it entered into a Confidential Mutual Settlement and Release Agreement with Plaintiff to settle the claims in the 2013 Complaint, which was subsequently and voluntarily dismissed with prejudice by Plaintiff due to the settlement. Groupon is without sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies same.

19.    Plaintiff later discovered that LivingSocial was again using image no. **"O-24 Makapuu"**, without obtaining licenses or consent from Plaintiff and despite the 2013 Complaint and settlement agreement, for its commercial purposes on its commercial website, as follows:
Image **"O-24 Makapuu"** was used at:

*Page URLs:*
https://www.livingsocial.com/cities/82-honolulu/entertainment-coupons
https://www.livingsocial.com/cities/82-honolulu/deals/1481836-1-adult-or-child--ticket-for-kapili-tour

*Image URL:*
https://a0.lscdn.net/imgs/2e530db1-f722-4a8a-bd5e-b4bd0bdc0344/360_q60.jpg
(360 x 270 pixels)

This image was also used in click-ad online advertisements for LivingSocial on other websites. LivingSocial used same or substantially similar copies of this photographic work knowing that Plaintiff owns that photographic work and without obtaining licenses or consent from Plaintiff, violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*, thus constituting willful copyright infringement. A true and correct copy of this photographic work together with copies of screenshots representative of LivingSocial's infringing uses of this photographic work on its commercial website and in click-ad online advertisements on other websites are attached hereto as Exhibit "B."

**ANSWER:** Denied.

20.    On or about August 4, 2016, Plaintiff gave notice to LivingSocial of the copyright infringements described in paragraph 19, demanded that it cease and desist, and attempted to resolve the claims by requesting that it pay monetary damages for those infringements.

**ANSWER:** Denied.

21.    Following the cease and desist demand described in paragraph 20, the infringing uses were removed from the Page URLs described in paragraph 19, however, LivingSocial continued to use that photographic work at the Image URL described in paragraph 19. LivingSocial's continued use of that photographic work in disregard for Plaintiff's demand that it cease and desist constitutes willful copyright infringement. A dated screenshot representative of LivingSocial's continuing infringing use of that photographic work is attached hereto as Exhibit "C."

**ANSWER:** Denied.

22.    On or about May 19, 2017, Plaintiff gave notice to LivingSocial of the continuing copyright infringements described in paragraph 21, demanded that it cease and desist, and attempted to resolve the claims by requesting that it pay monetary damages for those infringements. Thereafter, LivingSocial made

Groupon aware of the details of Plaintiff's cease and desist demands addressed to LivingSocial.

**ANSWER:** Denied.

23.    Plaintiff subsequently discovered that Defendants are again using image **"O-24 Makapuu"**, despite Plaintiff's repeated demands that they cease and desist and in willful disregard for his copyrights, for their commercial purposes on their commercial websites and in click-ads on numerous websites in an effort to attract customers to their own commercial websites, as follows: Image "**O-24 Makapuu**" is being used at:

*Page URLs:*
https://www.livingsocial.com/deals/ka-pili-tours
https://www.groupon.com/deals/ka-pili-tours
https://www.groupon.com/browse/honolulu?category=things-to-do&page=5
*Image URLs:*
https://img.grouponcdn.com/deal/4x4CXCPca8ciEPcV7fAy/ge-700x420/v1/c700x420.jpg (700 x 420 pixels)
https://img.grouponcdn.com/deal/4x4CXCPca8ciEPcV7fAy/ge-700x420/v1/c414x250q85.jpg (414 x 250 pixels)
Furthermore, image "**O-24 Makapuu**" is/was being used in click-ads to advertise Groupon on numerous websites:

*Page URLs:*
https://www.usatoday.com/story/news/politics/onpolitics/2017/07/29/police-trump-speech-violence/522561001/
http://www.foxnews.com
http://www.msn.com/
https://www.yahoo.com/news/
https://www.yahoo.com/news/australian-police-foil-plane-terror-114829446.htmlhttp://nba.nbcsports.com/2017/08/02/michael-jordan-takes-kobe-bryant-over-lebron-james-in-all-time-rankings/?cid=eref:nbcnews:text
http://bleacherreport.com/articles/2725054-michael-jordan-says-lavar-ball-couldnt-beat-him-1-on-1-if-he-were-one-legged?utm_source=cnn.com&utm_medium=referral&utm_campaign=editorial
http://www.patheos.com/blogs/lovejoyfeminism/2017/08/how-not-to-respond-to-apostasy.html

http://abcnews.go.com/WN?cid=marketing_search_Programs_WNThttp://abcnews
.go.com/Entertainment
https://www.washingtonpost.com/
https://www.usatoday.com/
http://www.cnn.com/
http://ksskradio.iheart.com/content/2017-08-04-husband-is-pulled-over-for-
rushing-wife-in-labor-to-hospital/
http://www.espn.com/olympics/trackandfield/story/_/id/20259608/usain-bolt-
finishes-third-100-meter-final-world-track-field-championships
https://www.facebook.com/
https://www.foxnews.com/?o36d71
http://www.msn.com/en-us/news/politics/senator-brain-tumor-late-night-may-
have-influenced-mccains-health-vote/ar-
AApMdah?li=BBnb7Kzhttp://www.wharf.co.uk/whats-on/whats-on-news/how-
regional-convention-jehovahs-witnesses-13428877

Defendants are re-using same or substantially similar copies of this photographic work, without obtaining licenses or consent from Plaintiff, with notice of his copyrights, and in disregard for his demands that they cease and desist, violating his exclusive rights as the copyright holder to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*; Defendants' continued uses thus constitute willful copyright infringements. Dated screenshots representative of Defendants' continuing infringing uses of this photographic work are attached hereto as Exhibit "D."

**ANSWER:** Denied.

24.    Plaintiff subsequently discovered that Defendants are also using an additional photographic work owned by Plaintiff, without obtaining licenses or consent from Plaintiff, for their commercial purposes on their commercial websites, as follows:
Image **"O-05 Chinamans Hat"** is being used at:

*Page URLs:*
https://www.livingsocial.com/deals/aloha-circle-island-tour-1
https://www.groupon.com/deals/aloha-circle-island-tour-1
*Image URL:*
https://img.grouponcdn.com/deal/3fmssFUDLBf1jA6k5Fx6nbuAAMTf/3f-
1200x720/v1/c700x420.jpg (700 x 420 pixels)

Defendants are using same or substantially similar copies of this photographic work, without obtaining licenses or consent from Plaintiff, in violation of his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. A true and correct copy of this photographic work together with copies of dated screenshots representative of Defendants' infringing uses of this photographic work on their commercial websites are attached hereto as Exhibit "E."

**ANSWER:** Denied.

25.    On or about August 11, 2017, Plaintiff gave notice to Defendants of the additional copyright infringements described in paragraphs 23 and 24, demanded that they cease and desist, and attempted to resolve the claims by requesting that they pay monetary damages for those infringements. Despite this cease and desist demand, Defendants continue to use both photographic works at their commercial websites and continue to use image "**O-24 Makapuu**" in click-ads on other websites, constituting willful copyright infringements. Dated screenshots representative of Defendants' continuing infringing uses of these photographic works on their commercial websites and/or in click-ads are shown in Exhibits "D" and "E."

**ANSWER:** Denied.

26.    Plaintiff recently discovered additional infringements by Groupon, without obtaining licenses or consent from Plaintiff, for its commercial purposes on its commercial website and in click-ads on other websites, as follows: Image **"O-05 Chinamans Hat"** is being used at:

*Page URLs:*
https://www.groupon.com/biz/honolulu/aloha-circle-island-tour-waikiki-kalakaua-ave
https://www.groupon.com/biz/wahiawa-hi/aloha-circle-island-tour
Image "**O-24 Makapuu**" is being used at:

*Page URLs:*
https://www.groupon.com/deals/ka-pili-tours?utm_medium=cpc&utm_source=fac&utm_campaign=US_DT_DIS_FAC_TIM TTT RS CBP CH1 NBR x*dt-fb-DATest-NewAct-local-deal-view-TTT-c-fb27
https://www.foxnews.com/

https://www.groupon.com/deals/ka-pili-
tours?sm=1&suppress_choke=TRUE&utm_medium=cpc&utm_source=ctm&utm_
campaign=US_DT_DIS_CTM_JPG_TTT_RN_CBP_CH1_NBR_x*cr119535_i*v
2_g*0_g*61149007_k*newshoppers_m*Tour-Guided
https://www.washingtonpost.com/news/true-crime/wp/2017/08/23/a-teen-reunited-
with-her-birth-mother-who-then-killed-her-and-burned-her-body-police-
say/?hpid=hp_hp-cards_hp-card-
national:homepage/card&utm_term=.495572e7e94c
https://www.washingtonpost.com/news/nationals-journal/wp/2017/08/25/stephen-
strasburgs-start-ends-with-calf-cramps-but-he-says-hes-not-
worried/?utm term=.5d1ae2cffb9f
http://bjournal.co/humans-of-brighton-meet-klein-who-was-previously-a-jehovahs-
witness/
http://www.bbc.com/news/world-australia-41070734
https://www.facebook.com/
https://www.cnn.com/
https://www.groupon.com/deals/hawaii-shark-encounters-3
https://www.groupon.com/biz/schofield-barracks-hi/hawaii-shark-encounters-1
https://www.groupon.com/deals/ocean-joy-cruises-1
https://www.groupon.com/biz/kahului-hi/haiku-mill
https://www.groupon.com/deals/maui-travel-and-transport-1

Defendants continue to use same or substantially similar copies of these
photographic works, without obtaining licenses or consent from Plaintiff, with
notice of his copyrights, and in disregard for his demands that they cease and
desist, violating his exclusive rights as the copyright holder to reproduce, adapt,
display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*;
Defendants' continued uses thus constitute willful copyright infringements. Dated
screenshots representative of Defendants' continuing infringing uses of these
photographic works are attached hereto as Exhibit "F."

**ANSWER:** Denied.


27.    Plaintiff's two (2) photographic works, where they are legitimately
available for commercial licensing, bear his copyright management information in
the form of a "Vincent K. Tylor" signature at the bottom corner of each work.

**ANSWER:** Defendants do not have sufficient information to admit or deny the

allegations set forth in this Paragraph and, therefore, deny same.

28.    Upon information and belief, Defendants intentionally removed or altered Plaintiff's copyright management information his photographic works for Defendants' commercial uses, as described herein, without Plaintiff's authority or the authority of the law, and/or Defendants distributed and continue to distribute copies of their infringing uses of Plaintiff's photographic works, knowing that Plaintiff's copyright management information has been removed or altered without his authority or the authority of the law and knowing that they do not own the photographic works. True and correct copies of Plaintiff's photographic works containing his copyright management information and copies of screenshots of Defendants' infringing uses of those works with Plaintiff's copyright management information removed are shown in Exhibits "B" through "F."

**ANSWER:** Denied.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENTS

29.    Plaintiff restates and realleges each of the allegations contained in paragraphs 1-28 as if fully stated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1

through 28, *supra*, as if set forth in full herein.

30.    Plaintiff has all rights, title, and interest in the copyrights to the photographic works as holder and owner of the copyrights, the use of which has not been licensed to Defendants.

**ANSWER:** Defendants do not have sufficient information to admit or deny the

allegations set forth in this Paragraph and, therefore, deny same.

31.    Defendants have misappropriated Plaintiff's copyrighted photographic works with knowledge that the photographic works do not belong to Defendants and that they do not have license or consent from Plaintiff; Defendants thereby

engaged in and continue to engage in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works by using a total of two (2) of Plaintiff's photographic works on their commercial websites and in click-ads on other websites, described herein, without obtaining licenses or consent from Plaintiff. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* for which they are directly, contributorily, and/or vicariously liable, jointly, severally or in the alternative.

**ANSWER:** Denied.

32.   Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

**ANSWER:** Denied.

33.   Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

**ANSWER:** Denied.

34.   Defendants' unlawful use of copies of Plaintiff's photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of those copies without identifying the photographic works as being the exclusive property of Plaintiff.

**ANSWER:** Denied.

35.   Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

**ANSWER:** Denied.

36.   Because Defendants used Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

**ANSWER:** Denied.

37.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

**ANSWER:** Denied.

38.     Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

**ANSWER:** Denied.

39.     Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

**ANSWER:** Denied.

40.     Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of Plaintiff's copyrights.

**ANSWER:** Denied.

41.     Plaintiff is further entitled to costs and reasonable attorneys' fees.

**ANSWER:** Denied.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

42.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-41 as if fully stated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1 through 41, *supra*, as if set forth in full herein.

43.     Defendants intentionally removed or altered copyright management information from association with two (2) of Plaintiff's photographic works for Defendants' said uses, and/or distributed copies of those photographic works knowing that Plaintiff's copyright management information had been removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or alteration, and/or distribution, would induce, enable, facilitate, or conceal infringement of copyright.

**ANSWER:** Denied.

44.     Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which they are liable jointly, severally, or in the alternative.

**ANSWER:** Denied.

45.     Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

**ANSWER:** Denied.

46.     Plaintiff is entitled to recover from Defendants the actual damages suffered by him and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

**ANSWER:** Denied.

47.     Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

**ANSWER:** Denied.

48.     Plaintiff is further entitled to costs and reasonable attorneys' fees.

**ANSWER:**  Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.     That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.     That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the photographic works, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.     That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.     That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.     That Plaintiff be granted such other and further relief as the Court may deem just and proper.

**ANSWER:**  Defendants deny that Plaintiff is entitled to any relief from

Defendants, much less the relief set forth above.  Defendants specifically deny all

of the allegations in subparagraphs (A) – (E) of Plaintiff's Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses to the allegations in Plaintiff's Complaint:

### First Affirmative Defense
### Non-Infringement

Defendants have not committed copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and have not violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

### Second Affirmative Defense
### DMCA Safe Harbor

Defendants actions are protected under the safe harbor provisions of the DMCA.

### Third Affirmative Defense
### Unclean Hands

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense
### Copyright Misuse

Plaintiff's claims are barred under the doctrine of copyright misuse.

Dated: Honolulu, Hawaii, October 11, 2017.

/s/ Brett R. Tobin
BRETT R. TOBIN

Attorney for Defendants
LIVINGSOCIAL, INC. and
GROUPON, INC.

18