J. STEPHEN STREET   1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:   (808) 754-1647
Facsimile No.:   (888) 334-6499
E-mail:   jsstreet@ip-law-hawaii.com

DANE ANDERSON   9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:   (808) 285-4760
E-mail:   dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>     Plaintiff,<br><br>vs.<br><br>LIVINGSOCIAL, INC., a Delaware Corporation; GROUPON, INC., a Delaware Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>     Defendants. | CIVIL NO. <u>17-00438 JMS-KSC</u><br>(Copyright Infringement)<br><br>JOINT REPORT OF PARTIES' PLANNING MEETING; CERTIFICATE OF SERVICE |

**JOINT REPORT OF PARTIES' PLANNING MEETING**

COMES NOW, Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") and Defendants LIVINGSOCIAL, INC. and GROUPON, INC. (collectively "Defendants"), by and through their respective counsel, having held their planning meeting, hereby submit their Joint Report of Parties' Planning Meeting, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1.

## I. MEETING

Counsel for Plaintiff and Defendants conferred by telephone on November 21, 2017; J. Stephen Street and Dane Anderson attended on behalf of Plaintiff, and Brett R. Tobin and Eric J. Maiers attended on behalf of Defendants.

## II. DISCOVERY PLAN

Pursuant to Rule 26(f)(3), the parties' views and proposal on a discovery plan were discussed:

a. <u>Initial Disclosures, Rule 26(f)(3)(A).</u> The parties agreed to the exchange of information required by Rule 26(a)(1) no later than January 9, 2018.

b. <u>Scope and Timing of Discovery, Rule 26(f)(3)(B).</u> The parties discussed the expected subject matters of discovery. The parties intend to conduct customary discovery on claims and defenses, and will attempt to resolve any discovery disputes among themselves before bringing them before the Court. The parties agreed that the Court should set discovery deadlines pursuant to the Court's normal practice.

c. <u>Electronic Discovery, Rule 26(f)(3)(C).</u> The parties discussed and agreed to preserve electronic evidence in anticipation of electronic discovery as this case relates to photographic works posted on commercial web pages, downloaded from source websites, and other electronically stored digital information. At this time, the parties do not anticipate any issues regarding electronic discovery, however, should issues arise, the parties will work cooperatively to resolve any electronic discovery issues before bringing them before the Court.

d. <u>Privilege, Rule 26(f)(3)(D).</u> The parties do not anticipate any unusual issues concerning claims of privilege or work product at this time.

e. <u>Limitations on Discovery, Rule 26(f)(3)(E).</u> At this time, the parties do not anticipate any need for changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court.

f. <u>Other Orders, Rule 26(f)(3)(F).</u> Any protective orders under Rule 26(c), scheduling orders under Rule 16(b), and pre-trial orders under Rule 16(c) governing the time to complete discovery, amend pleadings, and file motions should be set by the Court at the Rule 16 Scheduling Conference pursuant to the Court's normal practices and current schedule.

## III. OTHER MATTERS

The parties believe that they are close to reaching a settlement of this matter.

The parties have discussed alternative dispute resolution options, including, without limitation, the option of participation in the Court's mediation program. The parties are prepared to consider this matter further and discuss options at the Scheduling Conference.

DATED: Honolulu, Hawaii, December 8, 2017.

/s/ Dane Anderson
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR

DATED: Honolulu, Hawaii, December 8, 2017.

BRETT R. TOBIN
Attorney for Defendants
LIVINGSOCIAL, INC.
GROUPON, INC.

---

JOINT REPORT OF PARTIES' PLANNING MEETING;
*TYLOR v. LIVINGSOCIAL, INC., a Delaware Corporation; GROUPON, INC., a Delaware Corporation, et al.*; CV17-00438 JMS-KSC